In re SOUTHWESTERN BELL TELEPHONE CO. MATERNITY BENEFITS LITIGATION.

No. 216.

Judicial Panel on Multidistrict Litigation.

Sept. 9, 1975.

As Corrected Sept. 23, 1975.

Actions were brought against employer charging sex discrimination in pregnancy leave policies. After issuing a show cause order, the Judicial Panel on Multidistrict Litigation held that the actions shared common questions of fact and that the transfer of an action pending in the Western District of Missouri and an action pending in the Western District of Oklahoma to the Eastern District of Missouri for coordinated or consolidated pretrial proceedings with two actions pending in that District would best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Actions transferred.

Courts ⊂➤277.2

Actions against employer charging sex discrimination in pregnancy leave policies shared common questions of fact and transfer of action from Western District of Missouri and action from Western District of Oklahoma to Eastern District of Missouri for coordinated or consolidated pretrial proceedings with two actions pending in that District would best serve convenience of parties and witnesses and promote just and efficient conduct of litigation. 28 U.S.C.A. § 1407.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON*, WILLIAM H. BECKER*,

---

* Although Judges Wisdom, Robson and Becker were unable to attend the Panel hearing,

JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

Southwestern Bell Telephone Co (SWB) allegedly maintains a company policy that requires its female employees to resign or take a leave of absence at the end of the seventh month of pregnancy and, in addition, to return to work within one year of giving birth or face termination of employment. Over the past three years, the Communications Workers of America, AFL-CIO (the union) and several female employees of SWB have filed individual charges with the Equal Employment Opportunity Commission (EEOC) contending that SWB violates Title VII of the Civil Rights Act of 1964 by denying its female employees who are absent for maternity reasons certain benefits that it provides its male employees who are absent on account of temporary disabilities. In each instance, the EEOC was unable to obtain conciliation and, accordingly, sent each complainant a "right to sue" letter.

Subsequently, these parties, in various combinations, filed four actions in three different federal district courts: two in the Eastern District of Missouri and one each in the Western District of Missouri and the Western District of Oklahoma. Plaintiffs' allegations are basically the same as mentioned above and, more specifically, accuse SWB of discriminatorily refusing to pay any sickness or temporary disability benefits, suspending participation in retirement and savings plans, not giving seniority credit, and denying transfers.

All four actions are brought as purported class actions. The classes sought in two of the actions include all female employees of SWB who have been, are or will be discriminated against on the basis of their sex by SWB's maternity

they have, with the consent of all parties, participated in this decision.

IN RE SOUTHWESTERN BELL TEL. CO. MATERNITY BEN. LIT. 1401
Cite as 400 F.Supp. 1400 (1975)

leave practices; the other two classes are subsumed therein.

An attorney who customarily represents the union originally instituted one of the actions in the Eastern District of Missouri on behalf of the union and certain individual plaintiffs against SWB. When SWB later filed a counterclaim against the union, this attorney found himself with a potential conflict of interest problem in representing both the individual plaintiffs as well as the union. Eventually, the attorney withdrew his representation from all his clients in that action. The attorney still represents the union in the two other actions in which it is a party, however.[1]

These actions are before the Panel for Section 1407 consideration as a result of a show cause order issued by the Panel.[2] Although we initially received a number of responses both for and against transfer, we were informed during oral argument that all parties except the union now favor transfer to the Eastern District of Missouri. The union prefers transfer to the Western District of Oklahoma; in the alternative, it supports transfer to the Eastern District of Missouri, provided that the litigation is assigned to a judge other than Judge Roy W. Harper.[3]

We find that these actions share common questions of fact and that their transfer to the Eastern District of Missouri for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

It is undisputed that every action involves common factual issues concerning SWB's maternity leave system and that transfer will eliminate duplicative discovery, avoid inconsistent class determinations and reduce the expense of conducting pretrial proceedings. Moreover, none of the parties seriously contests the selection of the Eastern District of Missouri as the appropriate transferee district. Clearly, that district is the best choice since the headquarters of both SWB and the union are located in St. Louis and, therefore, most of the discovery is likely to occur there. Furthermore, two of the four actions are already pending in that forum.

Several parties expressed concern that the conflict of interest problem of the union's attorney might hinder the expeditious processing of all the actions. We find these concerns without merit and note that the resolution of this problem is a matter entirely within the discretion of the transferee judge.

It is therefore ordered that the actions listed on the following Schedule A and pending in districts other than the Eastern District of Missouri be, and the same hereby are, transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable Roy W. Harper for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

**Eastern District of Missouri**

| | |
|---|---|
| Communications Workers of America, AFL-CIO, et al. v. Southwestern Bell Telephone Co. | Civil Action No. 74-315C(A) |
| Linda Redden, et al. v. Southwestern Bell Telephone Co. v. Communications Workers of America, AFL-CIO | Civil Action No. 74-391C(2) |

**Western District of Oklahoma**

| | |
|---|---|
| Mildred Shackelford v. Southwestern Bell Telephone Co. and Communications Workers of America, AFL-CIO | Civil Action No. Civ. 74-369E |

**Western District of Missouri**

| | |
|---|---|
| Mary M. Hughes, et al. v. Southwestern Bell Telephone Co. | Civil Action No. 75CV-257-W-2 |

---

1. The union is a third-party defendant in the other action pending in the Eastern District of Missouri and is a defendant in the action pending in the Western District of Oklahoma.

400 F.Supp.—88½

2. 28 U.S.C. § 1407(c)(i); R.P.J.P.M.L. 8, 65 F.R.D. 253, 258-59 (1975).

3. The action wherein the conflict of interest problem arose is assigned to Judge Harper.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 30 1977

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 216

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SOUTHWESTERN BELL TELEPHONE COMPANY MATERNITY BENEFITS LITIGATION

    Donna Lee McNulty v. Southwestern Bell Telephone Co.,
      et al., W. D. Missouri, Civil Action No. CV-816-W-1

TRANSFER ORDER*

    Although plaintiff McNulty opposes transfer pursuant to 28 U.S.C. §1407 of the above-captioned action, upon consideration of the papers filed,[1]/ the Panel finds that this action involves common questions of fact with the actions in this litigation previously transferred to the Eastern District of Missouri for coordinated or consolidated pretrial proceedings before the Honorable Roy W. Harper[2]/ and that transfer of this action under Section 1407 for inclusion in those proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

    IT IS THEREFORE ORDERED that the above-captioned action pending in the Western District of Missouri be, and the same hereby is, transferred pursuant to 28 U.S.C. §1407 to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable Roy W. Harper for coordinated or consolidated pretrial proceedings with the actions in this litigation previously transferred to that district and assigned to the Honorable Roy W. Harper.

FOR THE PANEL:

John Minor Wisdom
Chairman

---

\* Judges Andrew A. Caffrey and Roy W. Harper took no part in the consideration or decision of this matter.

1/ The parties waived their right to oral argument and, accordingly, the question of transfer of this action pursuant to Section 1407 was submitted on the briefs. Rule 14, R.P.J.P.M.L. 65 F.R.D. 253, 264 (1975).

2/ In re Southwestern Bell Telephone Co. Maternity Benefits Litigation, 400 F. Supp. 1400 (J.P.M.L. 1975).

DOCKET NO. 216

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SOUTHWESTERN BELL TELEPHONE COMPANY MATERNITY BENEFITS LITIGATION

<u>Veronica Piedra, et al. v. Southwestern Bell Telephone Co., et al.</u>, W. D. Texas, Civil Action No. SA76-CA385

TRANSFER ORDER*

It appearing that all parties to the actions in this litigation either agree upon the desirability of or do not oppose transfer pursuant to 28 U.S.C. §1407 of the above-captioned action, the Panel finds, upon consideration of the complaint and the papers filed,[1] that this action involves common questions of fact with the actions in this litigation previously transferred to the Eastern District of Missouri for coordinated or consolidated pretrial proceedings before the Honorable Roy W. Harper[2] and that transfer of this action under Section 1407 for inclusion in those proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that the above-captioned action pending in the Western District of Texas be, and the same hereby is, transferred pursuant to 28 U.S.C. §1407 to the Eastern District of Missouri and, with the consent of that

---

* Judge Andrew A. Caffrey took no part in the decision of this matter.

[1] The parties waived their right to oral argument and, accordingly, the question of transfer of this action pursuant to Section 1407 was submitted on the briefs. Rule 14, R.P.J.P.M.L. 65 F.R.D. 253, 264 (1975).

[2] <u>In re Southwestern Bell Telephone Co. Maternity Benefits Litigation</u>, 400 F. Supp. 1400 (J.P.M.L. 1975).

MDL-216 -- Transfer Order        p.2

court, assigned to the Honorable Roy W. Harper for coordinated or consolidated pretrial proceedings with the actions in this litigation previously transferred to that district and assigned to the Honorable Roy W. Harper.

FOR THE PANEL:

*John Minor Wisdom*

John Minor Wisdom
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 11 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 216

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SOUTHWESTERN BELL TELEPHONE CO. MATERNITY BENEFITS LITIGATION

> Veronica Piedra, et al. v. Southwestern Bell Telephone Co., et al., E.D. Missouri, C.A. No. 77-1337C(A)

ORDER REMANDING CERTAIN CLAIMS

It appearing that all parties to the above-captioned action (Piedra) either favor or do not oppose separation and remand to the transferor forum of the claims asserted in Counts III and IV of the first amended complaint in Piedra, and Judge Roy W. Harper, the transferee judge for this litigation, having informed the Panel that he believes remand of these claims to be appropriate at the present time,

IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. §1407(a), the claims asserted in Counts III and IV of the first amended complaint in the action entitled Veronica Piedra, et al. v. Southwestern Bell Telephone Co., et al., E.D. Missouri, C.A. No. 77-1337C(A) be, and the same hereby are, separated and remanded to the Western District of Texas for further proceedings.

FOR THE PANEL:

John Minor Wisdom
Chairman